IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

Kelly Graff,                                           2:07-CV-01647-ATG

    Petitioner,                                   ORDER

    vs.

Claude E. Finn,

    Respondent.

_____/

    Kelly Graff ("Petitioner"), a state prisoner serving a twenty-six-years-to-life sentence for the first degree murder of his estranged wife in 1984, brings this Petition for Writ of Habeas Corpus pursuant to 28U.S.C. § 2254 challenging the California Board of Parole Hearings' ("BHP") 2006 decision denying him a parole date.  Respondent concedes that Petitioner exhausted his state court remedies and the petition is not time barred.  Proceedings in this court were stayed pending a decision by the Ninth Circuit, en banc, in *Hayward v. Marshall,* No. 06-55392, ___ F.3d ___ , 2010 U.S. App. LEXIS 8411 (9th Cir. Cal. Apr. 22, 2010).  The stay is hereby VACATED and the petition is DENIED.

    The Fourteenth Amendment prohibits a state from depriving a person of life, liberty, or property without due process of law.  A protected liberty interest may arise from the United States Constitution or from state laws or policies.

1  *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  Although the United States
2  Constitution does not entitle a prisoner to parole, California prisoners have a
3  liberty interest in parole under state law.  *Hayward*, 2010 U.S. App. LEXIS 8411,
4  35-36.  Thus, a California prisoner may be denied parole only if "some evidence"
5  supports the BHP's conclusion that the prisoner poses a danger to the public
6  safety.  *Id.* at 37.  The aggravated circumstances of a prisoner's crime of
7  conviction can be sufficient to deny parole, but a rational nexus must exist
8  between those facts and the conclusion that the prisoner poses a current threat to
9  the public safety.  *In re Lawrence*, 190 P.3d 535, 564 (Cal. 2008).  *See also Biggs*
10 *v. Terhune*, 334 F.3d 910, 917 (9th Cir. 2003).

11        Here, the BHP denied Petitioner parole based solely on the facts of
12 Petitioner's crime of conviction.  (Petition Ex. D at 56 ("[W]e're basing this on
13 the only thing we can base it on, it has everything to do with the crime.").)  The
14 circumstances of the crime showed an angry husband whose wife had left him to
15 move into a residence with another man, taking with her their two-year old child.
16 Petitioner, armed with a hammer, broke into the residence and, when his wife
17 returned, attacked his wife in the presence of the child with hammer blows until
18 she fell unconscious.  Petitioner then retrieved a steak knife from the kitchen and
19 stabbed her with resulting mutilation.

20        The BHP did not identify a rational nexus between those facts and
21 Petitioner's *current* danger to the public safety.  Indeed, all other relevant facts
22 discussed by the BHP support Petitioner's suitability for parole. Under 15
23 California Code of Regulations Section 2402(d), circumstances tending to show
24 suitability for parole include: (1) no juvenile record, (2) stable social history, (3)
25 signs of remorse, (4) motivation for the crime includes significant stress in his
26 life, (5) battered woman syndrome, (6) lack of criminal history, (7) the prisoner's
27 present age, (8) realistic plans for release or has developed marketable skills, and
28 (9) Institutional Behavior.

The BHP acknowledged that Petitioner had no previous criminal history, he performs well in his work assignments, his "institutional behavior is second to none," and his performance in vocational programs is "outstanding," (*Id*. at 57.) Petitioner's 2005 mental health evaluation states: "Assessment of dangerousness if released into the community is seen as minimal in comparison with other inmates. History of substance abuse appears to be the only possible risk factor for this inmate." (*Id*. Ex B at 8.) The BHP acknowledged Petitioner plans to continue Narcotics Anonymous and Alcoholics Anonymous upon release, and had a schedule of the local meetings among his papers, and that his psychiatric factors are "very positive." (*Id*. Ex. D at 59.) The BHP also noted that petitioner has marketable skills and several job offers. (*Id*.)

However, in *Irons v. Carey*, 505 F.3d 846, 854 (9th Cir. 2007), the court noted that "in all the cases in which we have held that a parole board's decision to deem a prisoner unsuitable for parole solely on the basis of his commitment offense comports with due process, the decision was made before the inmate had served the minimum number of years required by his sentence." Here, Petitioner had not served twenty-six years of his twenty-six-years-to-life sentence when the BHP denied him a parole date in 2006. Therefore, the BHP's decision did not, at that time, violate Petitioner's right to due process.

Accordingly, the Petition is DENIED.

Dated: May 19, 2010

/s/ Alfred T. Goodwin

ALFRED T. GOODWIN
United States Circuit Judge
Sitting by designation